MOST WORSHIPFUL CUNEY GRAND LODGE (COLORED) A. F. & A. M. *et al* v. KNOX, ATTORNEY-GENERAL.*

(Division B. Oct. 25, 1926.)

[109 So. 866. No. 25815.]

CORPORATIONS. *Suit to forfeit charter of domestic corporation must be brought in county of its domicile or in which it has fixed place of business; "where it may transact business or has an agent" (Hemingway's Code, section 3013).*

Under section 3013, Hemingway's Code (section 4018, Code of 1906), a suit to forfeit the charter of a corporation created under the laws of the state must be in the county of its domicile, or in some county where it has a fixed place of business, as distinguished from a mere temporary place of meeting. The words, "where it may transact business and has an agent," contemplate a fixed place, having more or less permanence.

*Corpus Juris-Cyc. References: Corporations, 14a C. J., p. 1135, n. 97.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

*Quo warranto* by Rush H. Knox, attorney-general, against the Most Worshipful Cuney Grand Lodge (Colored) A. F. & A. M., and the Queen Esther Chapter Order Eastern Star and Daughters of the Sphinx, to for-

feit a lodge charter. From a judgment of forfeiture, defendant appeals. Reversed, and suit dismissed.

*Eugene Palmer* and *Robert B. Ricketts,* for appellant.

The circuit court erred in overruling the demurrer filed by the defendant which raised the point that *the circuit court of Forrest county had no jurisdiction of the quo warranto case.* The statute governing venue in *quo warranto* cases—and jurisdiction is dependent upon venue—is section 3013, Hemingway's Code.

A careful reading of the information as copied in the record will show that it is not therein charged that the domicile of the appellant was in Forrest county and that it is nowhere charged that the appellant had any agent or was transacting any business in that county. It is, therefore, clear that the information itself shows on its face that the circuit court of Forrest county was without jurisdiction. This is decisive of the case on the present appeal.

But we are not left to rely exclusively upon what seems to us to be the conclusive argument submitted above. This court has passed upon and interpreted the language of the statute quoted. *State* v. *Oil Co.,* 79 Miss. 203.

The situation of the appellee is not helped by chapter 149, Laws of 1918. See, also, *Plummer, etc., Co.* v. *Francher,* 111 Miss. 656, 75 So. 907. There is no doubt that the question was properly and effectively raised in the circuit court. The same question was raised *by demurrer* in *State* v. *Oil Co.,* 79 Miss. 203.

*J. R. Tally* and *Paul B. Johnson,* for appellees.

The demurrer filed to the information was promptly and properly overruled. The case of *State ex rel. Attor-*

*ney-General,* v. *Mississippi Cotton Oil Co. et al.,* 79 Miss. 203, cited by counsel is not in point for the reason that it was a suit instituted in the circuit court of the first district of Hinds county, Mississippi, in the name of the state, in the nature of a *quo warranto* proceeding, by the attorney-general, against a large number of oil companies, and by said proceedings sought to revoke the Charters of the various companies.

The court will observe that in the Oil Company case just referred to, that there were fifteen of these defendants and only one resided or had its domicile in the first district of Hinds county.

Section 3013, Hemingway's Code, which is a rescript of section 4018, Code of 1906 and section 3521, Code of 1892, fixes the venue for *quo warranto* proceedings. The act of the legislature of 1900, page 125, which relates to trusts and combines, does not fix the venue. The court will observe from a reading of the opinion of Judge CALHOUN in the Oil Company case that the court did not hold in that case that *quo warranto* proceedings could not be maintained where the corporation transacts any business and has an agent.

That question was not before the court. The question decided in that case was that the proceeding filed by the attorney-general was for the violation of a criminal statute, and that *quo warranto* was a civil proceeding and that the civil proceeding should be instituted at the domicile of the defendants or where they were transacting business and had an agent.

In the case at bar the Most Worshipful Cuney Grand Lodge, etc., a corporation, was at the time of the institution of this suit engaged in holding its grand lodge meeting and transacting the only business authorized under its charter and was at that time transacting said business in Forrest county, Mississippi, and service of process was had on all the officers of said corporation

in Forrest county. These facts are shown by the testimony and admitted by the pleadings.

*Eugene Palmer* and *Robert B. Ricketts,* in reply, for appellant.

Appellee attempts to avoid the effect of *State* v. *Miss. Cotton Oil Co.,* 79 Miss. 203. We submit that even on the theory of the law advanced by counsel for appellee, there was no jurisdiction in the Forrest county court. Note that the corporation must both transact business *and* have an agent in the county other than its domicile in order to be sued there. There is not any evidence in the record to show that the corporation which is defendant in this case ever *transacted any business* in Forrest county. The holding of the grand lodge session was not the transacting of business of the corporation. The payment of funeral benefits was not a transaction of the corporation but of the voluntary and unincoporated organization. There is no proof that the corporation had anything to do with the management of the grand lodge which was meeting in Hattiesburg. There is no proof that the grand lodge had anything to do with the management of the corporation.

ETHRIDGE, J., delivered the opinion of the court.

The attorney-general filed a *quo warranto* in the circuit court of Forrest county to forfeit the charter of said Grand Lodge of appellant. A copy of the charter was filed as an exhibit to the bill and as a part thereof, which shows that the domicile of the corporation is Jackson, Hinds county, Miss.

It was alleged in the declaration that in 1868 the Grand Lodge of Ancient Free and Accepted Colored Masons established three subordinate lodges in the state of Mississippi, one being the Stringer Lodge at Vicksburg, one the Lynch Lodge at Jackson, and one the Revels Lodge at

Natchez, Miss., and that shortly thereafter, these, with other lodges established by warrant of the same authority, were organized into a Grand Lodge for the state of Mississippi of colored Masons, which has been operating and establishing other lodges from that time until the present, and that said lodges were legally authorized and empowered to work by virtue of the laws and customs established and recognized by the colored Masons of the state of Mississippi as well as the state of Ohio. It is further alleged that about three years ago, prior to the granting of the charter here in question, a negro by the name of T. J. Cuney, claiming to be the most worshipful master of said Cuney Grand Lodge, defendant herein, and who was exercising the powers and authority and performing the duties of said office, appeared in Mississippi and sought to be recognized and received upon fraternal relations by the then regularly constituted colored Masonic lodges of Mississippi, but his application and recognition were denied, because of the spurious and clandestine source from which he claimed to have received his Masonic degrees, and, when he presented his Masonic credentials, claiming to have been commissioned or deputized by a Masonic source from the state of Illinois, it was discovered that the pretended commission or paper held by him purported to have been signed by one John G. Jones of Illinois, who was known to have been dead for three years prior to the date of affixing the alleged signature thereto; that thereafter said Cuney set about, illegally and unlawfully and without proper Masonic authority, to organize and establish one of the said pretended lodges in the city of Jackson and also in the city of Hattiesburg, and in other places in Mississippi, having illegally and unlawfully established something like fifty of said clandestine lodges of colored Masons in Mississippi; that during the month of October, 1924, said Cuney, with Cooper and Johnson, all of Jackson, Miss., unlawfully applied for and obtained a charter from the state of Mississippi, approved by H.

L. Whitfield, Governor, a copy of which is attached as Exhibit A to the declaration. It is then charged that the law did not authorize the creation of the kind granted to Cuney and his associates; that defendant acted through the said Cuney, and was abusing whatever privileges were granted him, and was using said privileges for the purpose of cheating and defrauding many of the colored citizens of the state of Mississippi by claiming power and authority under said charter that was never made known in his application, and was never granted him by said charter, to-wit, that he claims to be Deputy Sovereign and Grand Commander of the United Supreme Council of the Southern Jurisdiction of the United States of America, Grand Orient of Washington, D. C., organized in April, 1869 (which said lodge or authority became defunct in 1877), and that no such title is in existence as claimed by him. There are various other representations of the character set forth herein, and the declaration prays for a writ of *quo warranto* and a forfeit of said charter.

This declaration was demurred to by defendant on the ground that jurisdiction was vested in the circuit court of Hinds county, where the domicile of the corporation was, which demurrer was overruled and the case proceeded to trial before a jury, and verdict was rendered for plaintiff followed by judgment of forfeiture.

Much of the proceedings on trial is assigned for error, but, as it is our opinion that the demurrer should have been sustained and the suit dismissed, it will not be necessary to notice the other assignments.

The statute involved is section 3013, Hemingway's Code (section 4018, Code of 1906), reading as follows:

"The proceedings in such cases shall be by information, in the name of the state, by the attorney general or a district attorney, on his own motion or on relation of another, and, in a case to try the right to an office, on the relation of the claimant thereof. The information shall be filed in the circuit court of the county of the resi-

dence of the defendant; . . . or, in the case of a corporation or pretended corporation, where its principal office or place of business may be or where it may transact any business and has an agent; or, in case of an alien or corporation acquiring or holding land contrary to law, where any of the land is situated.''

The language in this section, ''in case of a corporation or pretended corporation, where its principal office or place of business may be or where it may transact any business and has an agent,'' contemplates that suit must be brought at the domicile of the corporation if it has a domicile in the state, or at same place in the state where it has an agent or fixed place of business; and it does not authorize or permit any forfeiture proceeding against the defendant herein merely and solely because it was holding a lodge meeting, to-wit, its sessions of Grand Lodge, at Hattiesburg, in Forrest county, being there only temporarily for the purpose of holding said meeting.

We think, therefore, that the court below erred in entertaining jurisdiction, and the judgment is reversed and the suit dismissed.

*Reversed, and suit dismissed.*